**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AIPTEK, INC., | § | Civil Action No. ____ _____ |
| ARGUS CAMERA CO., LLC, | § | |
| BUSHNELL INC., | § | |
| DXG TECHNOLOGY (U.S.A.) INC., | § | **JURY TRIAL DEMANDED** |
| DXG TECHNOLOGY CORP., | § | |
| LEICA CAMERA AG, | § | |
| LEICA CAMERA INC., | § | |
| MINOX GMBH, | § | |
| MINOX USA, INC., | § | |
| MUSTEK, INC. USA, | § | |
| OREGON SCIENTIFIC, INC., | § | |
| RITZ INTERACTIVE, INC., | § | |
| RITZ CAMERA CENTERS, INC., | § | |
| SAKAR INTERNATIONAL, INC., D/B/A | § | |
|    DIGITAL CONCEPTS, | § | |
| TABATA U.S.A., INC., | § | |
| TARGET CORP., | § | |
| VISTAQUEST CORP., | § | |
| VUPOINT SOLUTIONS, INC., | § | |
| WALGREEN CO., | § | |
|    and | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff FlashPoint Technology, Inc. ("Plaintiff" or "FlashPoint"), by and through its

undersigned counsel, files this Original Complaint against Aiptek, Inc., Argus Camera Co., LLC,

Bushnell Inc., DXG Technology (U.S.A.) Inc., DXG Technology Corp., Leica Camera AG,

Leica Camera Inc., Minox GmbH, Minox USA, Inc., Mustek, Inc. USA, Oregon Scientific, Inc.,

Ritz Interactive, Inc., Ritz Camera Centers, Inc., Sakar International, Inc., d/b/a Digital Concepts,

Tabata U.S.A., Inc., Target Corp., VistaQuest Corp., VuPoint Solutions, Inc., Walgreen Co., and Wal-Mart Stores, Inc. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop each Defendant's infringement of FlashPoint's United States Patent No. 5,903,309 entitled "Method and System for Displaying Images and Associated Multimedia Types in the Interface of a Digital Camera" (the "'309 patent"; a copy of which is attached hereto as Exhibit 1), and United States Patent No. 6,278,447 entitled "Method and System for Accelerating a User Interface of an Image Capture Unit During Play Mode" (the "'447 patent"; a copy of which is attached hereto as Exhibit 2). The '309 and '447 patents may be collectively referred to herein as the "patents-in-suit." FlashPoint is the legal owner of the patents-in-suit. FlashPoint seeks injunctive relief and monetary damages.

## PARTIES

2.     Plaintiff FlashPoint Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware. FlashPoint maintains its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458. FlashPoint is the legal owner of the patents-in-suit, and possesses all rights of recovery under the patents-in-suit, including the right to sue for infringement and recover past damages.

3.     Upon information and belief, Defendant Aiptek, Inc. ("Aiptek") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 51 Discovery, Suite 100, Irvine, California 92618.

4. Upon information and belief, Defendant Argus Camera Co., LLC ("Argus") is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business located at 1610 Colonial Parkway, Inverness, Illinois 60067.

5. Upon information and belief, Defendant Bushnell Inc. ("Bushnell") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 9200 Cody Street, Overland Park, Kansas 66214.

6. Upon information and belief, Defendant DXG Technology (U.S.A) Inc. ("DXG USA") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1001 Lawson Street, City of Industry, California 91748.

7. Upon information and belief, Defendant DXG Technology Corp. ("DXG Corp.") is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 15 Fl., No. 4, Sec. 3, Ming-Chuan East Road., Taipei, Taiwan R.O.C.

8. Upon information and belief, Defendant Leica Camera AG ("Leica Camera") is a corporation organized and existing under the laws of Germany, with its principal place of business located at Oskar-Barnack-Strasse 11, D-35606 Solms Germany.

9. Upon information and belief, Defendant Leica Camera Inc. ("Leica") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 156 Ludlow Avenue, Northvale, New Jersey 07647.

10. Upon information and belief, Defendant Minox GmbH ("Minox") is a corporation organized and existing under the laws of Germany, with its principal place of business located at Walter-Zapp-Street 4, 35578 Wetzlar Germany.

11. Upon information and belief, Defendant Minox USA, Inc. ("Minox USA") is a corporation organized and existing under the laws of the state of New Hampshire, with its

-3-

principal place of business located at 438 Willow Brook Road, Plainfield, New Hampshire 03781.

12.    Upon information and belief, Defendant Mustek, Inc. USA ("Mustek USA") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 15271 Barranca Parkway, Irvine, California 92618.

13.    Upon information and belief, Defendant Oregon Scientific, Inc. ("Oregon Scientific") is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business located at 19861 Southwest 95th Avenue, Tualatin, Oregon 97062.

14.    Upon information and belief, Defendant Ritz Interactive, Inc. ("Ritz Interactive") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2010 Main Street, Suite 400, Irvine, California 92614.

15.    Upon information and belief, Defendant Ritz Camera Centers, Inc. ("Ritz Camera") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 112 West Lexington Street, Baltimore, Maryland 21201.

16.    Upon information and belief, Defendant Sakar International, Inc., d/b/a Digital Concepts ("Sakar") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 195 Carter Drive, Edison, New Jersey, 08817.

17.    Upon information and belief, Defendant Tabata U.S.A., Inc.   ("Tabata") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 2380 Mira Mar Avenue, Long Beach, California 90815.

-4-

18.     Upon information and belief, Defendant Target Corp. ("Target") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

19.     Upon information and belief, Defendant VistaQuest Corp. ("VistaQuest") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 6303 Owensmouth Avenue, 10th Floor, Woodland Hills, California 91367.

20.     Upon information and belief, Defendant VuPoint Solutions Inc. ("VuPoint") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 17583 Railroad Street, City of Industry, California 91748.

21.     Upon information and belief, Defendant Walgreen Co. ("Walgreens") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 200 Wilmot Road, Deerfield, Illinois 60015.

22.     Upon information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 702 Southwest 8th Street, Bentonville, Arkansas 72716.

## JURISDICTION AND VENUE

23.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

24.     Upon information and belief, Defendants have transacted business and committed acts of infringement within the State of Delaware, and the District of Delaware, and are subject to the personal jurisdiction of this Court.

25.     Upon information and belief, Defendants have offered for sale, imported, or sold electronic products capable of being used, *inter alia*, to capture, process, and view digital images in this District.

26.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

27.     Defendants reside in this District for the purposes of venue, insofar as they are subject to the personal jurisdiction in this District, have committed acts of infringement in this District, solicit business in this District, provide services in this District, encourage others to practice infringing methods in this District, and conduct other business in this District.

## COUNT I – PATENT INFRINGEMENT

28.     On May 11, 1999, the United States Patent and Trademark Office duly and legally issued the '309 patent to FlashPoint, as assignee of the inventor Eric C. Anderson. The '309 patent is in full force and effect. FlashPoint is the legal owner of the '309 patent and possesses all rights of recovery under the '309 patent.

29.     On August 21, 2001, the United States Patent and Trademark Office duly and legally issued the '447 patent to FlashPoint, as assignee of the inventor Eric C. Anderson. The '447 patent is in full force and effect. FlashPoint is the legal owner of the '447 patent and possesses all rights of recovery under the '447 patent.

30.    In 1996, FlashPoint was founded as a spin-off of the Imaging Division of Apple Computer, Inc. ("Apple").   FlashPoint continued the research and development of the core technologies started at Apple, and perfected such technologies.

31.    Those technologies, protected by the patents-in-suit, enable users to, among other things, capture, process and view digital images.

32.    The marketplace has long recognized the value of FlashPoint's inventions, including the patents-in-suit.  Licensees include Canon Inc., Casio Computer Co., Ltd., Concord Camera Corp., Seiko Epson Corp., Fuji Photo Film Co., Ltd., Hewlett-Packard Co., Eastman Kodak Co., Konica Corp., Matsushita Electric Industrial Co., Minolta Co., Ltd., Pentax Corp., Ricoh Corp., Samsung Techwin Co., Ltd., Sanyo Electric Co., Ltd., Sharp Corp., Toshiba Corp., and Vivitar Corp.

33.    Upon information and belief, each Defendant practices inventions covered by one or more of the patents-in-suit.

34.    Upon information and belief, Aiptek has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, Aiptek has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States.  For example, the MZ-DV and DV-5900 cameras infringe one or more claims of the '309 and '447 patents.

35.    Upon information and belief, Argus has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to

-7-

sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Argus has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the DC-5195 camera infringes one or more claims of the '309 and '447 patents.

36.    Upon information and belief, Bushnell has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Bushnell has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the Outdoor Camera 11-0013Y infringes one or more claims of the '309 and '447 patents.

37.    Upon information and belief, DXG USA has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, DXG USA has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the DXG 711 camera infringes one or more claims of the '309 and '447 patents.

38.     Upon information and belief, DXG Corp. has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, DXG Corp. has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the DXG 711 camera infringes one or more claims of the '309 and '447 patents.

39.     Upon information and belief, Leica Camera has infringed and continues to infringe one or more claims of at least the '447 patent by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Leica Camera has also contributed to the infringement of one or more claims of at least the '447 patent and/or actively induced others to infringe one or more claims of at least the '447 patent in this District and elsewhere in the United States. For example, the M8.2 camera infringes one or more claims of at least the '447 patent.

40.     Upon information and belief, Leica has infringed and continues to infringe one or more claims of at least the '447 patent by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Leica has also contributed to the infringement of one or more claims of at least the '447 patent and/or actively induced others to infringe one or more claims of at least the '447 patent in this District and elsewhere in the United States. For example, the M8.2 camera infringes one or more claims of at least the '447 patent.

41.     Upon information and belief, Minox has infringed and continues to infringe one or more claims of at least the '309 patent by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, Minox has also contributed to the infringement of one or more claims of at least the '309 patent and/or actively induced others to infringe one or more claims of at least the '309 patent in this District and elsewhere in the United States.  For example, the DC 1022 camera infringes one or more claims of at least the '309 patent.

42.     Upon information and belief, Minox USA has infringed and continues to infringe one or more claims of at least the '309 patent by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, Minox USA has also contributed to the infringement of one or more claims of at least the '309 patent and/or actively induced others to infringe one or more claims of at least the '309 patent in this District and elsewhere in the United States.  For example, the DC 1022 camera infringes one or more claims of at least the '309 patent.

43.     Upon information and belief, Mustek USA has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, Mustek USA has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States.  For example, the MDC 532Z camera infringes one or more claims of the

-10-

'309 and '447 patents, and the gSmart D50 and MDC 6500Z cameras infringe one or more claims of at least the '309 patent.

44.     Upon information and belief, Oregon Scientific has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Oregon Scientific has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the DS6300 and DS9320 cameras infringe one or more claims of the '309 and '447 patents.

45.     Upon information and belief, Ritz Interactive has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Ritz Interactive has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the E850 camera infringes one or more claims of the '309 and '447 patents.

46.     Upon information and belief, Ritz Camera has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Ritz Camera has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced

-11-

others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the E850 camera infringes one or more claims of the '309 and '447 patents.

47.      Upon information and belief, Sakar has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Sakar has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the Digital Concepts 7.1 MP camera infringes one or more claims of the '309 and '447 patents.

48.      Upon information and belief, Tabata has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Tabata has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the DX-750G camera infringes one or more claims of the '309 and '447 patents.

49.      Upon information and belief, Target has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Target has also contributed to the

infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the MZ-DV, DC-5195, and Polaroid i834 cameras infringe one or more claims of the '309 and '447 patents.

50.     Upon information and belief, VistaQuest has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, VistaQuest has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the VQ5115, AgfaPhoto DC8338i, and AgfaPhoto 630i cameras infringe one or more claims of the '309 and '447 patents.

51.     Upon information and belief, VuPoint has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, VuPoint has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States. For example, the DC-C313C and DVM-5056 cameras infringe one or more claims of the '309 and '447 patents.

52.     Upon information and belief, Walgreens has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and

elsewhere in the United States.  Upon information and belief, Walgreens has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the'309 and '447 patents in this District and elsewhere in the United States.  For example, the DC-5195, DV-5900, E850, AgfaPhoto DC8338i, and VQ5115 cameras infringe one or more claims of the '309 and '447 patents.

53.    Upon information and belief, Wal-Mart has infringed and continues to infringe one or more claims of the '309 and '447 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, Wal-Mart has also contributed to the infringement of one or more claims of the '309 and '447 patents and/or actively induced others to infringe one or more claims of the '309 and '447 patents in this District and elsewhere in the United States.  For example, the Polaroid t737, Digital Concepts 7.1 MP, Norcent XIAS, A735, DVM-5056, and VQ5115 cameras infringe one or more claims of the '309 and '447 patents.

54.    Each Defendant's aforesaid activities have been without authority and/or license from FlashPoint.

55.    FlashPoint is entitled to recover from the Defendants the damages sustained by FlashPoint as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

56.    Upon information and belief, the infringement of one or more claims of the patents-in-suit by DXG USA, DXG Corp., and Mustek USA is willful and deliberate.  Upon information and belief, the inducement and contributory infringement of one or more claims of one or more claims of the patents-in-suit by DXG USA, DXG Corp., and Mustek USA is willful and deliberate.  As a result, Flashpoint is entitled to increased damages under 35 U.S.C. § 284

and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 with respect to these defendants.

57.     Defendants' infringement of Flashpoint's exclusive rights under the one or more of the patents-in-suit will continue to damage Flashpoint, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

58.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff FlashPoint Technology, Inc. respectfully requests the following relief:

A.     An adjudication that the Defendants have infringed and continue to infringe claims of one or more of the patents-in-suit, either literally and/or under the doctrine of equivalents, and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B.     An award to Flashpoint of damages adequate to compensate Flashpoint for the Defendants' acts of infringement together with prejudgment interest;

C.     An award of enhanced damages, up to and including trebling of Flashpoint damages pursuant to 35 U.S.C. § 284 for willful infringement by DXG USA, DXG Corp., and Mustek USA;

D.     An award of Flashpoint's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law with respect to DXG USA, DXG Corp., and Mustek USA;

E.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of one or more of the patents-in-suit; and

F.    Any further relief that this Court deems just and proper.

Dated: February 19, 2009

Respectfully submitted,

David J. Margules
Delaware Bar No. 2254
E-mail: dmargules@bmf-law.com
**BOUCHARD MARGULES &**
**FRIEDLANDER, P.A.**
222 Delaware Avenue
Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 573-3500
Facsimile: (302) 573-3501

**OF COUNSEL**:
Patrick J. Coughlin, Esq.
E-mail: patc@csgrr.com
Michael J. Dowd, Esq.
E-mail: miked@csgrr.com
Ray A. Mandlekar, Esq.
E-mail: rmandlekar@csgrr.com
**COUGHLIN STOIA GELLER**
**RUDMAN ROBBINS LLP**
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

John F. Ward, Esq.
E-mail: wardj@wardolivo.com
John W. Olivo, Jr., Esq.
E-mail: olivoj@wardolivo.com
David M. Hill, Esq.
E-mail: hilld@wardolivo.com

**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

**ATTORNEYS FOR PLAINTIFF**
**FLASHPOINT TECHNOLOGY, INC.**