# IN THE UNITED STATES DISTRICT COURT
# OR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| AIPTEK, INC., | ) |
| ARGUS CAMERA CO., LLC, | ) |
| BUSHNELL, INC., | ) |
| DXG TECHNOLOGY (U.S.A.) INC., | ) |
| DXG TECHNOLOGY CORP., | ) |
| LEICA CAMERA AG, | ) |
| LEICA CAMERA INC., | ) |
| MINOX GMBH, | ) |
| MINOX USA, INC., | ) |
| MUSTEK, INC. USA, | ) Civil Action No. 09-00106-GMS |
| OREGON SCIENTIFIC, INC., | ) |
| RITZ INTERACTIVE, INC., | ) |
| RITZ CAMERA CENTERS, INC., | ) |
| SAKAR INTERNATIONAL, INC., | ) |
| D/B/A/ DIGITAL CONCEPTS, | ) **JURY TRIAL REQUESTED** |
| TABATA U.S.A., INC. | ) |
| TARGET CORP., | ) |
| VISTAQUEST CORP., | ) |
| VUPOINT SOLUTIONS, INC., | ) |
| WALGREEN CO., and | ) |
| WAL-MART STORES, INC., | ) |
| Defendants. | ) |

**ANSWER OF DEFENDANT VISTAQUEST CORP. TO COMPLAINT
AND
COUNTERCLAIM FOR DECLARATORY RELIEF**

Defendant VistaQuest Corp. ("VISTAQUEST"), for itself and no other party, responds to the Complaint filed by Plaintiff Flashpoint Technology, Inc. ("FLASHPOINT") and counterclaims against FLASHPOINT, as follows:

1

## NATURE OF THE ACTION

1.  In response to paragraph 1 of the Complaint, VISTAQUEST admits that the Complaint purports to state claims for patent infringement, that United States Patent No. 5,903,309 (the "'309 Patent") is entitled "Method and System for Displaying Images and Associated Multimedia Types in the Interface of a Digital Camera", that a copy of the '309 Patent was attached to the Complaint as Exhibit 1, that United States Patent No. 6,278,447 (the "'447 Patent") is entitled "Method and System for Accelerating a User Interface of an Image Capture Unit During Play Mode", that a copy of the '447 Patent was attached to the Complaint as Exhibit 2 and that the Complaint purports to state claims for injunctive relief and monetary damages.  Except as so admitted, VISTAQUEST denies each and every remaining allegation contained in paragraph 1 of the Complaint.

## PARTIES

2.  VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21 and 22 of the Complaint.

3.  VISTAQUEST admits the allegations contained in paragraph 19 of the Complaint.

## JURISDICTION AND VENUE

4.  In response to paragraph 23 of the Complaint, VISTAQUEST admits that the Complaint purports to allege infringement of one or more United States patents and that this Court has subject matter jurisdiction over cases for patent infringement under 27

U.S.C. §§ 1331 and 1338(a). Except as so admitted, VISTAQUEST denies each and every remaining allegation contained in paragraph 23.

5. In response to paragraph 24 of the Complaint, VISTAQUEST admits it has transacted business within the State of Delaware and is subject to personal jurisdiction in this District. VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 24.

6. In response to paragraph 25 of the Complaint, VISTAQUEST admits that it has sold or offered for sale in this District electronic products capable of being used to capture, process and view digital images. VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25.

7. In response to paragraph 26 of the Complaint, VISTAQUEST admits that venue is proper in this District as to VISTAQUEST. VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 26.

8. In response to paragraph 27 of the Complaint, VISTAQUEST admits it conducts business in this District for purposes of venue. Except as so admitted, VISTAQUEST denies the remaining allegations contained in paragraph 27.

## COUNT I – PATENT INFRINGEMENT

9. In response to paragraph 28 of the Complaint, VISTAQUEST admits that the '309 patent lists Eric C. Anderson as inventor and FlashPoint Technology, Inc. as

assignee.  VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28.

10. In response to paragraph 29 of the Complaint, VISTAQUEST admits that the '447 patent lists Eric C. Anderson as inventor and Flashpoint Technology, Inc. as assignee.  VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29.

11. VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 30, 31 and 32 of the Complaint.

12. In response to paragraph 33 of the Complaint, VISTAQUEST denies that it practices inventions covered by one or more of the patents-in-suit.  VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 33.

13. VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52 and 53 of the Complaint.

14. VISTAQUEST denies the allegations contained in paragraph 50 of the Complaint.

15. In response to paragraph 54 of the Complaint, VISTAQUEST admits that has never sought a license or authority from FlashPoint for any of its activities, but denies that it has engaged in any activities that require it to do so.  VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

16. VISTAQUEST denies the allegations contained in paragraph 55 as to VISTAQUEST. VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

17. VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 56 of the Complaint.

18. VISTAQUEST denies the allegations contained in paragraph 57 as to VISTAQUEST. VISTAQUEST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

### (No Infringement of the '309 Patent)

19. VISTAQUEST has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '309 Patent.

## SECOND AFFIRMATIVE DEFENSE

### (No Infringement of the '447 Patent)

20. VISTAQUEST has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '447 Patent.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity of the '309 Patent)

21.     The '309 Patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE

### (Invalidity of the '447 Patent)

22.     The '447 patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

23.     The Complaint fails to state any claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

### (Equitable Doctrine of Patent Misuse and Unclean Hands)

24.     FLASHPOINT is barred under the equitable doctrine of patent misuse and unclean hands from attempting to enforce the patents asserted in the Complaint because FLASHPOINT is acting unfairly to restrict legitimate competition in the United States for the devices identified in the Complaint by, among other things, attempting to enforce one

or more patents it (i) knows to be invalid, (ii) has asserted as having a broader scope than covered by the claims, (iii) knows to be unenforceable as a result of inequitable conduct in securing the patent, and/or (iv) knows are not infringed by any of the accused devices or acts identified in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel)**

25. By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the applications related to the '309, and '447 Patents and the admissions, actions and representations made therein by the applicant, FLASHPOINT is estopped to assert for any claim of these patents a scope which would encompass any of the acts of VISTAQUEST.

## EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Mark)**

26. On information and belief, FLASHPOINT or its licensees failed to mark its products according to 35 U.S.C. § 287, and consequently FLASHPOINT is barred from recovering damages from VISTAQUEST as a consequence of any conduct occurring prior to VISTAQUEST's receipt of actual notice of alleged infringement of the patents-in-suit.

### NINTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

27. On information and belief, the patents in suit are unenforceable due to inequitable conduct by the inventor and/or a person having a duty of candor to the United States Patent Office in that such person or persons were aware of material prior art and failed to disclose such prior art to the United States Patent Office with an intent to deceive the United States Patent Office.

### TENTH AFFIRMATIVE DEFENSE

### (Laches)

28. On information and belief, FLASHPOINT'S claims against VISTAQUEST are barred by the equitable doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

29. On information and belief, FLASHPOINT'S claims against VISTAQUEST are barred by the equitable doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

30. On information and belief, FLASHPOINT'S claims against VISTAQUEST are barred by the equitable doctrine of acquiescence.

## COUNTERCLAIM

For its counterclaim against FLASHPOINT, VISTAQUEST alleges as follows:

## THE PARTIES

1.  Counterclaimant VistaQuest Corp. ("VISTAQUEST") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 6303 Owensmouth Avenue, 10th Floor Woodland Hills, CA 91367-2262.

2.  On information and belief, counterclaim defendant FlashPoint Technology, Inc. ("FLASHPOINT") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

## JURISDICTION AND VENUE

3.  This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual justiciable controversy between VISTAQUEST and FLASHPOINT regarding the validity and infringement of U.S. Patent No. 5,903, 309 (the "'309 Patent") and U.S. Patent No. 6,278,447 (the "'447 Patent") to which FLASHPOINT has asserted ownership. This Court has subject matter jurisdiction over VISTAQUEST's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

5. This Court has personal jurisdiction over FLASHPOINT by virtue of FLASHPOINT's filing of the Complaint against VISTAQUEST in this Court.

## COUNT ONE

**(Declaratory Relief Regarding Non-Infringement)**

6. VISTAQUEST realleges and incorporates the allegations set forth in Paragraphs 1 through 5, inclusive, of its Counterclaim.

7. Based on the filing by Flashpoint of this suit and VISTAQUEST's defenses, an actual controversy has arisen and now exists between the parties as to the non-infringement of the patents-in-suit.

8. VISTAQUEST does not and has not infringed, contributed to the infringement of, or induced infringement of one or more claims of the patents-in-suit.

9. VISTAQUEST seeks a declaration from this Court that it has not infringed, and is not infringing, contributing to the infringement of, or inducing the infringement of, one or more claims of the patents-in-suit.

## COUNT TWO

**(Declaratory Relief Regarding Invalidity)**

10. VISTAQUEST realleges and incorporates the allegations set forth in Paragraphs 1 through 9 inclusive, of its Counterclaim.

11. Based on the filing by FLASHPOINT of this suit and VISTAQUEST's defenses, an actual controversy has arisen and now exists between the parties as to the invalidity of one or more claims of the patents-in-suit.

12. One or more claims of the patents-in-suit are invalid for failure to comply with the requirements of patentability, as stated in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and 112.

13. VISTAQUEST seeks a declaration from this Court that one or more claims of the patents-in-suit are invalid.

## PRAYER FOR RELIEF

WHEREFORE, VISTAQUEST prays that this Court:

1. Dismiss with prejudice the Complaint of FLASHPOINT in its entirety;

2. Adjudge, declare and decree that FLASHPOINT shall take nothing by virtue of its Complaint;

3. Adjudge, declare and decree that VISTAQUEST has not infringed, and is not infringing any valid claim of the patents-in-suit either literally or under the doctrine of equivalents;

4. Adjudge, declare, and decree that VISTAQUEST has not induced, and is not inducing, infringement of any valid claim of the patents-in-suit.

5. Adjudge, declare, and decree that VISTAQUEST has not contributed to, and is not contributing to, the infringement of any valid claim of the patents-in-suit;

6. Adjudge, declare and decree that VISTAQUEST has not willfully infringed, and is not willfully infringing, any valid claim of the patents-in-suit;

7. Adjudge, declare and decree that the claims of the patents-in-suit are invalid and/or unenforceable;

8. Find this case exceptional pursuant to 35 U.S.C. § 285, and award costs and attorney's fees to VISTAQUEST; and

9. Award to VISTAQUEST such other and further relief as the Court may deem just and proper.

          Respectfully submitted,

          /s/ David S. Eagle
          David S. Eagle (DE Bar No. 3387)
          Email: deagle@klehr.com
          Kelly A. Green (DE Bar No. 4095)
          Email: kgreen@klehr.com
          KLEHR HARRISON HARVEY BRANZBURG
             & ELLERS LLP
          919 Market Street, Suite 1000
          Wilmington, Delaware 19801
          Phone 302.426.1189
          Facsimile 302.426.9193

          and

          Marc A. Karish
          Email: marc.karish@smralaw.com
          Douglas H. Morseburg
          Email: douglas.morseburg@smralaw.com
          A. Eric Bjorgum
          Email: eric.bjorgum@smralaw.com
          SHELDON MAK ROSE & ANDERSON
          100 Corson Street, Third Floor
          Pasadena, CA 91103
          Telephone: 626.796.4000
          Facsimile: 626.795.6321

          Attorneys for VistaQuest Corp.

Dated: March 23, 2009

**REQUEST FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, VISTAQUEST hereby requests a trial by jury on all issues properly triable by jury.

    Respectfully submitted,

    /s/ David S. Eagle
    David S. Eagle (DE Bar No. 3387)
    Email: deagle@klehr.com
    Kelly A. Green (DE Bar No. 4095)
    Email: kgreen@klehr.com
    KLEHR HARRISON HARVEY BRANZBURG
        & ELLERS LLP
    919 Market Street, Suite 1000
    Wilmington, Delaware 19801
    Phone 302.426.1189
    Facsimile 302.426.9193

    and

    Marc A. Karish
    Email: marc.karish@smralaw.com
    Douglas H. Morseburg
    Email: douglas.morseburg@smralaw.com
    A. Eric Bjorgum
    Email: eric.bjorgum@smralaw.com
    SHELDON MAK ROSE & ANDERSON
    100 Corson Street, Third Floor
    Pasadena, CA 91103
    Telephone: 626.796.4000
    Facsimile: 626.795.6321

    Attorneys for VistaQuest Corp.

Dated: March 23, 2009