IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AIPTEK, INC., ARGUS CAMERA CO., LLC, ) | |
| BUSHNELL INC., DXG TECHNOLOGY ) | |
| (U.S.A.) INC., DXG TECHNOLOGY CORP., ) | Civil Action No. 09-106-GMS |
| LEICA CAMERA AG, LEICA CAMERA ) | |
| INC., MINOX GMBH, MINOX USA, INC., ) | **JURY TRIAL DEMANDED** |
| MUSTEK, INC. USA, ) | |
| OREGON SCIENTIFIC, INC., ) | |
| RITZ INTERACTIVE, INC., ) | |
| RITZ CAMERA CENTERS, INC., ) | |
| SAKAR INTERNATIONAL, INC., D/B/A ) | |
| DIGITAL CONCEPTS, ) | |
| TABATA U.S.A., INC., ) | |
| TARGET CORP., VISTAQUEST ) | |
| CORP., VUPOINT SOLUTIONS, INC., ) | |
| WALGREEN CO., and WAL-MART STORES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT DXG TECHNOLOGY (U.S.A.) INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FLASHPOINT'S COMPLAINT**

Defendant DXG Technology (U.S.A.) Inc. ("DXG USA") responds to the Complaint for Patent Infringement filed by plaintiff FlashPoint Technology, Inc. ("FlashPoint"), with the following Answer, Defenses, and Counterclaims:

**GENERAL DENIAL**

Unless specifically admitted below, DXG USA denies each and every allegation set forth in the Complaint.

**RESPONSE TO NATURE OF THE ACTION**

1.   DXG USA lacks knowledge or information sufficient to form a belief as to the truth of certain allegations in paragraph 1 of the Complaint, and thus, unless specifically admitted, denies the allegations in paragraph 1.

      a.      DXG USA admits United States Patent No. 5,903,309 is entitled "Method and System for Displaying Images and Associated Multimedia Types in the Interface of a Digital Camera" (the "'309 patent"); and

      b.      DXG USA admits United States Patent No. 6,278,447 is entitled "Method and System for Accelerating a User Interface of an Image Capture Unit During Play Mode" (the "'447 patent").

## RESPONSE TO PARTIES

2.      DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies those allegations.

3-5.      DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 through 5, which pertain to the other named defendants, and on that basis denies those allegations.

6.      DXG USA admits the allegation in paragraph 6 that DXG Technology (U.S.A.) Inc. is a corporation organized and existing under the laws of the States of California, with its principal place of business located at 1001 Lawson Street, City of Industry, California 91748.

7.      DXG USA admits the allegation in paragraph 7 that DXG Technology Corp. ("DXG") is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 15 Fl., No. 4, Sec. 3, Ming-Chuan East Road, Taipei, Taiwan R.O.C.

8-22.      DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8 through 22, which pertain to other named defendants, and on that basis denies those allegations.

## RESPONSE TO JURISDICTION AND VENUE

23.      DXG USA admits the allegations in paragraph 23 that this action arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-285, and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). Unless specifically admitted, DXG USA denies the allegations.

24.      Upon information and belief, DXG USA admits that it has transacted business within the State of Delaware, and the District of Delaware, and is subject to the personal jurisdiction of this Court. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 pertaining to the other named

defendants, and on that basis denies those allegations. Unless specifically admitted, DXG USA denies the allegations.

25. Upon information and belief, DXG USA admits that it has offered for sale, imported, or sold electronic products capable of being used, *inter alia*, to capture process and view images in this District. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 25 pertaining to the other named defendants, and on that basis denies those allegations. Unless specifically admitted, DXG USA denies the allegations.

26. DXG USA admits the allegation in paragraph 26 that venue is proper in this District pursuant to 28 U.S.C §§ 1391 and 1400(b).

27. Upon information and belief, DXG USA denies that it has committed acts of infringement and denies any such acts were ever committed in this District or anywhere else. However, DXG USA admits that it is subject to the personal jurisdiction in this District. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 pertaining to the other named defendants, and on that basis denies those allegations. Unless specifically admitted, DXG USA denies the allegations.

### **RESPONSE TO COUNT I – PATENT INFRINGEMENT**

28. DXG USA admits that the '309 patent lists May 11, 1999 as a date of patent, FlashPoint as an assignee, and Eric C. Anderson as named inventor on the face of patent. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28, and on that basis denies those allegations. Unless specifically admitted, DXG USA denies the allegations.

29. DXG USA admits that the '447 patent lists August 21, 2001 as a date of patent, FlashPoint as an assignee, and Eric C. Anderson as named inventor on the face of patent. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and on that basis denies those allegations. Unless specifically admitted, DXG USA denies the allegations.

30. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies those allegations.

31. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and on that basis denies those allegations.

32. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies those allegations.

33. Upon information and belief, DXG USA denies that it practices purported inventions covered by one or more of the patents-in-suit. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 pertaining to the other named defendants, and on that basis denies those allegations.

34-36. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 34 through 36 pertaining to the other named defendants, and on that basis denies those allegations.

37. Upon information and belief, DXG USA denies the allegations in paragraph 37 that it has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States, and denies that it has contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States. DXG USA denies the allegations in paragraph 37 that DXG 711 camera infringes one or more claims of the '309 and '447 patents.

38-53. DXG USA denies the allegations in paragraph 38 that DXG 711 camera infringes one or more claims of the '309 and '447 patents. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 38 through 53 as they pertain to the other named defendants, and on that basis denies those allegations.

54. DXG USA denies the allegations in paragraph 54. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 pertaining to the other named defendants, and on that basis denies those allegations.

55. DXG USA denies the allegations in paragraph 55. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 pertaining to the other named defendants, and on that basis denies those allegations.

56. Upon information and belief, DXG USA denies the allegations in paragraph 56 that DXG USA infringes directly or by inducement or contributory, one or more claims of the patents-in-suit, and DXG USA denies FlashPoint is entitled to increase damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. DXG USA lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 56 pertaining to the other named defendants, and on that basis denies those allegations.

57.    DXG USA denies the allegations in paragraph 57 that DXG USA infringes any of FlashPoint's exclusive rights under the one or more of the patents-in-suit. DXG USA further denies that Flashpoint is damaged in any way or suffers any irreparable harm. DXG USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 pertaining to the other named defendants, and on that basis denies those allegations.

## RESPONSE TO JURY DEMAND

58.    DXG USA admits that FlashPoint has demanded a jury trial.

## RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

DXG USA denies that FlashPoint is entitled to any relief whatsoever against DXG USA in this action, either as requested in its Complaint or otherwise.  DXG USA lacks knowledge or information sufficient to form a belief as to whether FlashPoint is entitled to any relief against the other named defendants in this action, and on that basis denies those requests.

## AFFIRMATIVE DEFENSES

1.    DXG USA does not infringe and has not infringed any claim of the '309, and/or '447 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory, induced or willful infringement.

2.    One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

3.    FlashPoint is estopped from construing the claims of the patents-in-suit to cover or include, ether literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by DXG USA because of admissions, amendments, and statements to the USPTO during prosecution of the application leading to the issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, scopes disclaimed by FlashPoint, and/or limitations in the claims of the patents-in-suit.

4.    The relief sought by FlashPoint is barred in whole or in part by the doctrine of laches, and/or is unenforceable due to laches.

5.      FlashPoint's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

6.      DXG USA does not infringe and has not infringed any claim of the patents-in-suit because of license, implied license, and the patent exhaustion doctrine.

7.      DXG USA reserves the right to amend its answer to assert further defenses based on future discovery in the lawsuit.

## COUNTERCLAIMS AND JURY DEMAND

Defendant DXG Technology (U.S.A.) Inc. ("DXG USA") brings this counterclaim against FlashPoint Technology, Inc. ("FlashPoint") for a declaration that DXG USA's products do not infringe seven patents purportedly owned by FlashPoint and that those seven patents are invalid and unenforceable.

## PARTIES

1.      Defendant DXG USA is a corporation organized and existing under the laws of the States of California, with its principal place of business located at 1001 Lawson Street, City of Industry, California 91748.

2.      DXG USA imports and sells digital cameras and camcorders.

3.      Upon information and belief, FlashPoint is a Delaware company with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

4.      Upon information and belief, FlashPoint does not manufacture or sell any consumer products. Its sole business is to obtain and attempt to license or enforce intellectual property rights.

## PATENTS-IN-SUIT

5.      FlashPoint has held itself out to be the owner of United States Patent No. 5,903,309 entitled "Method and System for Displaying Images and Associated Multimedia Types in the Interface of a Digital Camera" (the "'309 patent"); and United States Patent No. 6,278,447 entitled "Method and System for Accelerating a User Interface of an Image Capture Unit During Play Mode" (the "'447 patent").

**JURISTIDCTION AND VENUE**

6. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over FlashPoint by virtue of FlashPoint's filing of the Complaint in this matter.

9. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

10. An actual and justiciable controversy exists between DXG USA and FlashPoint, concerning FlashPoint's claims of infringement of the patents-in-suit and concerning whether those patents are valid and/or enforceable.

**COUNTERCLAIMS**

**(Declaratory Judgment of non-infringement, invalidity, and unenforceability of the patents-in-suit)**

11. DXG USA re-alleges and incorporates by reference its allegations in paragraphs 1 through 10 above as if fully set forth herein.

12. DXG USA has not directly infringed, contributed to infringement of, induced infringement of, or willful infringement of any valid and enforceable claim of the patents-in-suit, nor is DXG USA, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, inducing infringement of, or willful infringement of any valid and enforceable claim of the patents-in-suit.

13. Claims of the patents-in-suit are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. The relief sought by FlashPoint is barred in whole or in part by the doctrine of laches, and/or is unenforceable due to laches.

15. DXG USA does not infringe and has not infringed any claim of the patents-in-suit because of license, implied license, and the patent exhaustion doctrine.

16. An actual and justiciable controversy exists between DXG USA and FlashPoint, regarding the alleged infringement and validity as well as enforceability of the patent-in-suit by virtue of the allegations made by FlashPoint that DXG USA and/or its customers are or have been infringing the patents-in-suit.

17. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling DXG USA to an award of its attorneys' fees.

18. DXG USA expressly reserves the right to amend these Counterclaims to add declaratory judgment counts based on the future discovery in its lawsuit.

## **PRAYER FOR RELIEF**

Defendant DXG USA respectfully requests the following relief:

1. A declaration that DXG USA has not infringed, and is not infringing the patents-in-suit;

2. A declaration that each of the claims of the patents-in-suit is invalid;

3. A declaration that each of the claims of the patents-in-suit is unenforceable;

4. An injunction prohibiting FlashPoint from alleging infringement of the patents-in-suit by DXG USA and its customers;

5. An award of damages that DXG USA has sustained;

6. A declaration that this case is exception under 35 U.S.C. § 285, and DXG USA should be awarded its reasonable attorney's fees, costs, and expenses incurred in connection with this action; and

7. Such other further relief as the Court deems just and proper.

## **JURY DEMAND**

Defendant DXG USA demands a jury trial on all issues so triable.

Dated: March 23, 2009
/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Chad S.C. Stover (#4919)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
fdigiovanni@cblh.com
cstover@cblh.com

*Attorneys for DXG Technology (U.S.A.) Inc.*

672940_1

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on March 23, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on this date, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| David J. Margules<br>James J. Merkins, Jr.<br>BOUCHARD MARGULES &<br>FRIEDLANDER, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19899<br>dmargules@BMF-law.com<br>jmerkins@BMF-law.com | John F. Ward<br>John W. Olivo, Jr.<br>David M. Hill<br>WARD & OLIVO<br>380 Madison Avenue<br>New York, NY  10017<br>wardj@wardolivo.com<br>olivoj@wardolivo.com<br>hilld@wardolivo.com |

Patrick J. Coughlin
Michael J. Dowd
Rajesh A. Mandlekar
COUGHLIN STOIA GELLER RUDMAN ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
patc@csgrr.com
miked@csgrr.com
rmandlekar@csgrr.com
jimh@csgrr.com

/s/ Francis DiGiovanni
Francis DiGiovanni